UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LENAR WHITE,

        Plaintiff,                         Case No. 1:08-cv-498

v.                                                  Honorable Paul L. Maloney

CRAIG HALL et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been ordered to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.       Factual allegations

Plaintiff Lenar White presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Richard A. Handlon Correctional Facility, though the actions he complains of occurred while he was housed at the Michigan Reformatory (RMI). Plaintiff sues two officers at RMI, Craig Hall and Melissa Rodgers.

The allegations of the complaint are brief and disjointed. In their entirety, they are as follows:

> On 8-15-2006 this him officer Craig Hall ask me prisoner. Bro. White Bey #308279 to check it in. Run that bottle of suntan lotion. I was giving an directive. He treated me intimidated. Angry hostile voice. He is prejudice against all including myself prisoners. What could I have done to withstand this blow.
>
> [A]sking for sum $13,500,000.00[.] Craig Hall PS extremely wrong. For calling me out. This is only the little things that you are seeing what I go through. Inpunities [sic] damages. He would not have tooken [sic] my bottle of sun tan lotion. We would not even be here going through the motions. This is an very special resource, product. One of an kind.

(Compl. ¶¶ IV, V, docket #1.)

    II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It appears from Plaintiff's confusing allegations that Officer Craig Hall ordered him to check in his bottle of suntan lotion and that, in issuing the order, Hall used an angry and hostile voice. Plaintiff appears to allege that Hall acted improperly in confiscating the lotion, that the lotion was in some way irreplaceable and that Hall is somehow prejudiced against Plaintiff and other prisoners. Plaintiff's claims, however construed, fail to state a claim.

### A.     Defendant Rodgers

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"), *overruled in other part*, *Goad v. Mitchell*, 297 F.3d 497, 502-03 (6th Cir 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich 1991). Plaintiff fails even to mention Defendant

Rodgers in the body of his complaint. His allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

### B.   Defendant Hall

Plaintiff's claim against Defendant Hall appears to involve the propriety of Hall's order to Plaintiff to relinquish his suntan lotion. Plaintiff also appears to suggest that his lotion has not been returned to him. Finally, Plaintiff appears to argue that Hall's language and tone of voice caused him psychological harm. Plaintiff's allegations arguably implicate a variety of claims: (1) the deprivation of property without due process of law; (2) a violation of the Eighth Amendment's prohibition on cruel and unusual punishment; (3) a denial of equal protection under the Fourteenth Amendment; and (4) a violation of state procedures.

#### 1.   Due Process

Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v.*

*Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff fails to allege a deprivation of due process.

2. Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting

*Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.  Plaintiff's allegation that he was deprived of his suntan lotion falls far short of a denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

Moreover, Plaintiff's allegations about Hall's tone of voice and demeanor fall short of implicating the Eighth Amendment.  Use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions.  *See Ivey*, 832 F.2d at 954-55; *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree.").  Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Hall arising from his alleged verbal abuse.

3.      Equal Protection

The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. As the Sixth Circuit had explained, "'to withstand Fourteenth Amendment scrutiny, statutes that do not interfere with fundamental rights or single out suspect classifications must bear only a rational relationship to a legitimate state interest.'" *Jackson v. Jamrog,* 411 F.3d 615, 618 (6th Cir. 2005) (quoting *Richland Bookmart, Inc. v. Nichols,* 278 F.3d 570, 574 (6th Cir. 2002)). Plaintiff has not alleged that he is a member of a suspect class or that he was deprived of a fundamental right. He alleges only that Hall is prejudiced against all prisoners, including himself. "Without question, prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson,* 411 F.3d at 619; *see also Wilson,* 148 F.3d at 604.

Because neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff has not alleged that he was treated differently than any other prisoner in being allowed to keep suntan lotion. He therefore fails to state a claim under the Equal Protection Clause.

4.      Violation of policy

Defendant's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *See Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th

Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. As a consequence, to the extent Plaintiff suggests that the confiscation of his property violated MDOC policy, his allegations fail to state a constitutional claim.

       5.  Physical injury requirement

    Finally, Plaintiff's claim for emotional injuries is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id. See also Hardin-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008); *Taylor v. United States*, 161 F. App'x 483, 486-87 (6th Cir. 2007); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000). Plaintiff alleges no physical injury. As a consequence, his claim for emotional damages is barred.

### **Recommended Disposition**

    Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:   June 11, 2008                          /s/  Joseph G. Scoville
                                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).