UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

|
|
LENAR WHITE #308279, *named as "Mr. Lenar Darenol* | Case No. 1:2008-cv-498
*White Bey"*, |
|
Plaintiff, | HONORABLE PAUL L. MALONEY
|
v. | Magistrate Judge J. Scoville
|
CRAIG HALL and OFFICER MELISA RODGERS, |
|
Defendants. |
|

---

**Order Overruling the Plaintiff's Objection and Adopting the R&R;**
**Dismissing the Complaint;**
**Terminating the Case**

Lenar White, who is incarcerated at the State of Michigan's Handlon State Correctional Facility and is proceeding pro se, filed this 42 U.S.C. § 1983 civil-rights action on May 29, 2008. The matter was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on Wednesday, June 11, 2008. The Clerk's Office docket sheet indicates that the R&R was mailed to White that same day, and the court assumes that White did not receive the R&R until at least Monday, June 16.

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72

provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." Calculating the ten-day period as prescribed by Federal Rule of Civil Procedure 6(a), the court finds that the plaintiff timely filed objections to the R&R on Thursday, June 26, 2008.

The court also determines, however, that White's objection is not sufficiently specific or developed to trigger *de novo* review.  *See Brisbois v. Deegan*, 2008 WL 2714127, *1 (W.D. Mich. July 7, 2008) (Maloney, J.) ("Only those objections that are specific are entitled to a de novo review under the [Federal Magistrates Act, 28 U.S.C. § 636].") (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)).  For one thing, White fails to support his objections with any citation to case law or other legal authority.  *Cf. Nicklay v. Hoffman*, 2008 WL 2224114, *1 (W.D. Mich. May 29, 2008) (Maloney, J.) ("Only those objections that are specific are entitled to a de novo review . . . . * * * Plaintiff fails to support his distinction with any legal authority.") (citation omitted).  White's objections read as follows:

**Objection 1: Failed to State a Claim**

[The R&R] reaches the conclusion that Petitioner has failed to state a claim.

Petitioner has stated a claim because he provided this institution with evidence [that] his lotion was taken from him by Officer Craig Hall when giving a direct order. Petitioner followed the direct order and wrote the grievance as it states in the Hearing Handbook to follow all direct orders and write a grievance after[wards] if the Correctional Officer was in violation for [giving] the order.  Respondent was in violation and Petitioner has not received money or the lotion has not been returned to Petitioner.

**Objection II: The Magistrate Judge**

[The R&R] reaches the conclusion that Correctional Officers does [sic] not have to

follow policy.  Respondent failed to explain why he gave Petitioner a direct order to
hand over a bottle of lotion.

White's Objection to R&R, dated June 23, 2008 and filed Thursday, June 26, 2008, at 1-2.

The Magistrate Judge charitably construed White's allegations to implicate several federal
constitutional provisions and to attempt to state a claim under those provisions.  *See* R&R at 4.
White's objections do not address four issues, let alone identify any substantive defect in the R&R's
analysis of those issues: any due process claim is barred by *Parratt v. Taylor*, 451 U.S. 527 (1981),
because White fails to allege that the State does not provide adequate post-deprivation remedies, *see*
R&R at 4-5;[1] any Eighth Amendment cruel-and-unusual-punishment claim fails because the CO's

---

[1]*See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995):

Michigan provides several adequate post-deprivation remedies, including
Michigan Court Rule 3.105 that allows an action for claim and deliver, Mich.
Comp. Laws § 600.2920 that provides for a civil action to recover possession of
or damages for goods and chattels unlawfully taken or detained, and Mich. Comp.
Laws 600.6401, the Michigan Court of Claims Act, which establishes a procedure
to compensate for alleged unjustifiable acts of state officials.

Furthermore, as a state agency subject to the Michigan Administrative Procedures
Act, Mich. Comp. Laws §§ 24.201-.403, the Department of Corrections is subject
to numerous state laws relating to prisoner grievances.  Mich. Comp. Laws §
791.251-.255.  Specifically, Mich. Comp. Laws § 791.252 sets out detailed
procedures for prisoner hearings after filing of a grievance by a prisoner.
Michigan law requires that hearing officers be attorneys and gives them the power
to hold formal, adversary proceedings independent from prison administration.
Section 791.252 gives the prisoner an opportunity for a hearing without "undue
delay," "reasonable notice" of the hearing and an opportunity for each side to
present evidence and oral and written arguments on issues of fact.

Section 791.254 requires rehearing upon the request of a party or upon the motion
of the Department of Corrections.  Rehearing is required for a variety of reasons,
including where the prisoner's due process rights were violated or where
established procedures were not followed.  Mich. Comp. Laws § 791.254.

Finally, Section 791.255 provides for judicial review of a final decision in the

alleged confiscation of White's lotion and use of an "angry, hostile" voice and "intimidating" demeanor fall far short of the requisite denial of "minimal civilized measure of life's necessities" or the "unnecessary and wanton infliction of pain", *see* R&R at 5-6; and the facts do not support a potential Equal Protection claim, let alone one that could succeed under the deferential rational-basis standard, as White has not even alleged that he was treated differently than other prisoners, *see* R&R at 7.  *Cf. Williams v. Allegan Cty. Sheriff Dep't*, 2008 WL 1701649, *1 (W.D. Mich. Apr. 9, 2008) (Maloney, J.) ("Williams filed an objection on . . . , which was timely.  However, the objection fails to identify any substantive defect in the R&R's analysis of the . . . issues.").

The fourth issue where White leaves the R&R's sound reasoning unchallenged is his claim for emotional distress.  Under the circumstances, any such claim is barred by the Civil Rights of Institutionalized Persons Act § 7(e), codified at 42 U.S.C. § 1997e(e), because White has not alleged the requisite physical injury to accompany the distress, R&R at 8.  *See, e.g., Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (Sutton, J.) ("Even if we read his complaint to allege emotional or mental injuries, Harden-Bey cannot bring an Eighth Amendment claim for such injuries because he did not allege a physical injury.") (citing 42 U.S.C. § 1997e(e) and *Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 145-46 (6th Cir. 2002)); *Hendrickson v. Caruso*, 2008 WL 623788, *10 n.7 (W.D. Mich. Mar. 4, 2008) (Maloney, J.) (even if the RLUIPA abrogated the State's immunity against official-capacity monetary-damage claims, such a claim would fail here because the prisoner did not

---

state circuit court so long as the prisoner has requested a rehearing of the initial decision.  The court has plenary power to review the hearing decision.  The Sixth Circuit has squarely held that the appeal of administrative decisions to the state circuit court provides an adequate remedy for violations of due process for purposes of *Parratt v. Taylor*. * * *

*Id.* at 480.

4

present any evidence of physical injury; "defendants would be entitled to judgment in their favor under 42 U.S.C. § 1997e(e) on plaintiff's claims for damages against defendants in their official capacities."); *Marr v. Case*, 2008 WL 191326, *12 (W.D. Mich. Jan. 18, 2008) (Maloney, J.) (collecting cases from sister circuits).

On the lone issue that is generally addressed by White's objections, the CO's alleged violation of prison policy or rules, the court finds the R&R to be well-reasoned and is unconvinced by the plaintiff's objections.  As the Magistrate Judge notes, a prison employee's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation where the rule or policy does not create a protectable liberty interest, *see, e.g., Mitchell v. Caruso*, 2008 WL 2561227, *3 (W.D. Mich. June 24, 2008) (Jonker, J.) and *Bowie v. Klee*, 2008 WL 360714, *2 (W.D. Mich. Jan. 10, 2008) (R&R of Carmody, M.J.).  That principle is fatal to White's attempted use of § 1983 to vindicate this alleged violation, because § 1983 is a vehicle for remedying violations of federal law, not state law.  *See Ware v. Sampson*, 2008 WL 687039, *3 (W.D. Mich. Mar. 11, 2008) (Edgar, J.) (citing, *inter alia*, *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995)). Therefore, even if the CO violated an MDOC or Handlon Correctional Facility policy or rule by ordering White to surrender the lotion, without more that does not state a claim under section 1983.

## ORDER

Accordingly, having reviewed the complaint, the R&R, and the plaintiff's objections to the R&R, the court hereby **OVERRULES** the plaintiff's objections and **ADOPTS** the R&R.

The complaint is **DISMISSED with prejudice**.

5

**This dismissal counts as a"strike"** for purposes of 28 U.S.C. § 1915(g).

This case is **TERMINATED.**

This is a final order, but the court determines that there is **no good-faith basis for an appeal** within the meaning of 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED this 17th day of July 2008.**

  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

6